UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANA JESTER                                                                                          PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:13-CV-385-S

KENCO LOGISTICS SERVICES, LLC                                                          DEFENDANT

# MEMORANDUM OPINION

This matter is before the court on motion to remand this action to the Jefferson County, Kentucky, Circuit Court. (DN 5).

The plaintiff, Dana Jester, brought this action in state court alleging that her former employer, Kenco Logistics Services, LLC ("Kenco"), failed to reasonably accommodate her disability, an alleged addiction disorder. She alleges that she was discriminatorily discharged in violation of the Kentucky Civil Rights Act, KRS Chapter 344. Jester worked for Kenco for approximately four months.

Kenco removed the action to this court under our diversity jurisdiction. Plaintiff states in the complaint that she resides in Kentucky[1] and Kenco is a New York company doing business in Louisville. Kenco states that the case meets the amount in controversy requirement, as Jester seeks "past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, embarrassment, attorney fees, punitive damages," and other "unspecified relief." (DN 1, p. 2).

---

[1] Jester states that she is a resident of Kentucky. Her name appears in the caption of the complaint with an Indiana address. 28 U.S.C. § 1332 looks to citizenship, but apparently the parties are in agreement that they are diverse.

Jester has moved to remand the action on its stipulation that the amount in controversy is less than the jurisdictional requirement for the exercise of diversity jurisdiction.

In considering Jester's motion to remand, the court must consider (1) whether Kenco has shown by a preponderance of the evidence that the amount in controversy is satisfied, considering the damages alleged at the time of removal including punitive damages, and (2) whether Jester's post-removal stipulation vitiates the amount in controversy finding. *See Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13CV-46-TBR, 2013 WL 3280244 (W.D.Ky. June 27, 2013).

> As noted in *Agri-Power, Inc., supra.,* at *2-3,
>
> As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky.R.Civ.P. 8.01(2), 54.03(2). Therefore, the first issue that must be addressed is whether the Defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000...In regard to the second issue at hand...this court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *ee, e.g., Spence v. Centerplate*, ___F.Supp.2d ___, 2013 WL 1163991, at *2 (W.D.Ky. Mar. 21, 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2013 WL 4593409, at *3 (*citing Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 778 (W.D.Ky. 2012).

In support of removal, Kenco merely offers a litany of damage categories, concluding that such damages exceed the sum of $75,000.00. It offers nothing specific to this case which

involves an individual employed only for a four-month period in an unidentified position with the company.

Jester has filed a stipulation, through counsel, accompanying her motion for remand that she

> expressly asserts in the above cause of action, and any subsequent action(s), that Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief. This stipulation does not limit Plaintiff's ability to seek costs or interest on a judgment.

DN 5-1 (emphasis in original). The language of this stipulation fully comports with *Agri-Power, Inc., supra* and cases cited therein holding that such a stipulation satisfies the requirement that the plaintiff's stipulation be clear and unequivocal. See also *Agri-Power* at *4, *quoting Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345, 1348 (2013)("'[s]tipulations must be binding' because they amount to an 'express waiver made...by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'").

Kenco is concerned that the stipulation may not be watertight in state court. It interprets the language of the stipulation as failing to include back pay, front pay, and compensatory damages in the stipulated sum. We do not read the language as so limiting. Indeed, we read the stipulation to state that "damages" means "all damages," inclusive of any punitive damages, attorney fees, and the fair value of any injunctive relief. The stipulation clearly indicates that the plaintiff will not seek or accept "damages" in excess of $74,999.00.

We reiterate what we have stated in similar cases. While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand. While the court has no doubt as to the unequivocal statement of the plaintiff, we note that any attempt to void the

commitment will be considered to be sanctionable conduct and may justify re-removal. *See, VanEtten v. Boston Scientific*, 2009 WL 3485909, *2 (W.D.Ky. Oct. 23, 2009); *Moore v. Humana Insurance Company*, No. 3:11CV-46-S, DN 14. The motion to remand will therefore be granted.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

November 15, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**